Dear Representative McVea:
You have requested an opinion of this office regarding specific issues related to financing the Livingston Parish mosquito abatement program. This opinion will address each of your questions in order.
First, you ask if there are any constitutional or statutory provisions that prohibit the Livingston Parish Council from imposing a $2.00 fee or surcharge on the electric bills of residents in the district to pay the cost of mosquito abatement.
Livingston Parish can only do that for which it has authority to do. Thus, the Livingston Parish Council would first have to examine its authority under the Home Rule Charter. As stated in your letter, Section 1-05, the "Special Powers" provision of the Livingston Parish Home Rule Charter states:
 The parish government shall have the right, power and authority to pass all ordinances requisite or necessary to promote, protect and preserve the general welfare, safety, health, peace and good order of the parish, including, but not by way of limitation, the right, power and authority to pass ordinances on all subject matters necessary, requisite, or proper for the management of its affairs, and all other subject matter without exception, subject only to the limitation that the same shall not be inconsistent with the constitution or expressly denied by general law applicable to parish government.
The Special Powers provision of the Livingston Parish Home Rule Charter is silent regarding the power of the Council to impose a fee, surcharge or service charge. Thus, the Council cannot avail itself of the authority granted under the Home Rule Charter to assess a service charge to defray the expenses of mosquito abatement. Section 2-17 of the Charter grants the parish the power to levy taxes within the limits and in accordance with procedures prescribed by the constitution and general laws of the state. There is no provision that allows for such a fee or surcharge.
Next, you ask if there is a need for legislation to authorize the parish council to impose such fee or surcharge. As discussed supra, the Livingston Parish Home Rule Charter does not include such authorization; thus, legislation would be necessary to provide such authorization.
Next, you ask what additional procedures must be followed in order to implement such a fee or surcharge. Because there is no authority for such a surcharge, there are no procedures to discuss.
Finally, you ask if such a fee or surcharge would be subject to the vote of the people of the Mosquito Abatement District prior to implementation. A special tax must be presented to and approved by the voters. (La. Const. Art. VI, Sec. 32).
In conclusion, the only method that Livingston Parish can utilize to finance the mosquito abatement program under its Home Rule Charter is to obtain voter approval for a special tax or service charge.
If you need additional information, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: September 10, 2002